UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ADAM JAY STONE,

            Plaintiff,

    v.

PATRICK EATON, et al.,

            Defendants.

Case No.: 1:26-cv-01402-SKO

**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS DUPLICATIVE**

**14-DAY OBJECTION PERIOD**

Clerk of the Court to Assign District Judge

Plaintiff Adam Jay Stone is appearing pro se in this civil rights action.

## I.      INTRODUCTION

This action was opened on February 18, 2026. (Doc. 1.) New case documents issued on the same date. (Doc. 2.)  A review of the complaint filed on February 18, 2026, reveals that this action is duplicative of an earlier filed action pending in this Court. The undersigned will therefore recommend that this action be dismissed as duplicative.

## II.      DISCUSSION

"A complaint 'that merely repeats pending or previously litigated claims'" is subject to dismissal under 28 U.S.C. § 1915(e). *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (quoting *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). "[A] duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit" may be dismissed as frivolous or malicious under section 1915(e). *See Bailey*, 846 F.2d at 1021.

"Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'" *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion. *Adams*, 487 F.3d at 688. "Thus, in assessing whether the second action is duplicative of the first, [courts] examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689 (citations omitted).

Plaintiff alleges a First Amendment exercise of religion claim, a Fourteenth Amendment equal protection violation, and a Religious Land Use and Institutionalized Persons Act (RLUIPA) claim. (Doc. 1 at 5-7, 15-19.) He contends the named defendants refused to allow Plaintiff, a Christian veteran, to wear "religious dog tags." (*Id*. at 12-15.) Plaintiff seeks relief in the form of an order "to stop CDCR from denying Plaintiff the right to express his Christian veteran religion … order CDCR to add military dog tags with religion labeled to the Religious Property Matrix … [a] Declaratory judgment that defendants violated Plaintiff's Constitutional and Federal rights … Award Punitive damages to be decided later … [and to] Grant Plaintiff such other and further relief as the Court deems just and proper." (*Id*. at 8.)

In an earlier filed action also titled *Stone v. Eaton, et al.*, case number 1:26-cv-01368-CDB, Plaintiff asserted identical claims. (*See* 26-1368 Docket Entry No. 1.) In that action, Plaintiff was ordered to submit an application to proceed *in forma pauperis*, and a response is due within 45 days. (26-1368 Docket Entry No. 4.)[1]

A side-by-side comparison of the complaint in case number 1:26-cv-01368-CDB and this action reveals the complaints are identical. (*Cf.* Doc. 1 to 26-1368, Docket Entry No. 1.) The Court presumes this action was opened in error. In any event, because a comparison of the complaints filed in case number 1:26-cv-01368-CDB and 1:26-cv-01402-SKO, both sharing the title *Stone v. Eaton, et al*., reveals this action to be duplicative of the earlier action, it is

---

[1] This Court has taken no action concerning Plaintiff's failure to submit an application to proceed *in forma pauperis* and does not intend to do so.

2

recommended that this action be dismissed. *Adams*, 487 F.3d at 688, 692; *Cato*, 70 F.3d at 1105.

### III.    CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a District Judge to this action.

Further, for the reasons set forth above, the Court **HEREBY RECOMMENDS** that this action be **DISMISSED** without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **February 19, 2026**                      /s/ *Sheila K. Oberto*

                      UNITED STATES MAGISTRATE JUDGE

3